# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-04-32-F |
| DESIRAY J. ALLEN, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

On June 23, 2023, the court found by a preponderance of the evidence that defendant Desiray J. Allen committed two violations of his supervised release. The court revoked defendant's term of supervised release and ordered him committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, consisting of 18 months as to each violation, to be served consecutively to Custer County Case No. CF-2022-76. Judgment was entered on June 26, 2023.

On June 24, 2024, defendant filed a motion to reconsider. Although not entirely clear, it appears defendant seeks to have the court modify his sentence so that it would run concurrent with his state sentence, rather than consecutive to it.[1] To date, the government has not filed a response to defendant's motion to reconsider.

---

[1] According to the Oklahoma State Court Network, defendant was sentenced on March 15, 2023 by the District Court of Custer County to a term of imprisonment of 20 years, with credit for term served since April 4, 2022, and with the sentence to run concurrently with any other cases. State of Oklahoma v. Desiray Allen, District Court of Custer County, State of Oklahoma, Case No. CF-2022-76. Defendant appealed his sentence to the Court of Criminal Appeals of the State of Oklahoma. The appellate court affirmed his sentence by summary opinion on June 20, 2024 in Allen v. State of Oklahoma, Case No. F-2023-270.

Federal district courts "generally lack jurisdiction to modify a term of imprisonment once it has been imposed." United States v. Baker, 769 F.3d 1196, 1198 (10th Cir. 2014) (quotations marks and citations omitted). They are authorized "to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so." Id. (quotation marks and citation omitted, emphasis in original).

"Congress expressly granted district courts limited jurisdiction to modify sentences in 18 U.S.C. § 3582(c)." Baker, 769 F.3d at 1198. However, under § 3582(c), there are only three methods by which a district court can modify a defendant's sentence. Of those three, only one is applicable to this case: "[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

Rule 35 allows a court to modify a sentence in two circumstances: (1) "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error;" and (2) "[u]pon government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Rule 35(a) and (b), Fed. R. Crim. P.

However, neither circumstance applies to this case. The 14-day period has clearly passed. See, United States v. McGaughy, 670 F.3d 1149, 1158 (10th Cir. 2012) ("Rule 35(a)'s 14-day time limit is jurisdictional."). In addition, the government has not filed a motion on defendant's behalf for providing substantial assistance in investigating or prosecuting another person.

Although 28 U.S.C. § 2255 provides statutory authorization for the court to modify defendant's sentence, the court declines to construe defendant's motion as one filed under § 2255 because "the Supreme Court [] has made clear that district

2

courts should be quite wary of doing so because of the 'serious consequences' that are at stake for the [defendant]." United States v. Sandoval-De Lao, 283 Fed.Appx. 621, 625 (10th Cir. 2008) (citing Castro v. United States, 540 U.S. 375, 377 (2003)). Here, defendant's motion does not cite § 2255, and it is labeled as one to reconsider the "probation violation[] to run concurrently with state case." Doc. no. 166, ECF p. 1.

Because the court declines to construe defendant's motion as one under § 2255 and none of the other exceptions under § 3582(c) apply, the court concludes that it lacks jurisdiction to modify defendant's sentence. The court therefore finds that defendant's motion to reconsider should be dismissed for lack of jurisdiction.

Accordingly, defendant Desiray J. Allen's motion to reconsider (doc. no. 166) is **DISMISSED** for lack of jurisdiction.

DATED this 18th day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0032p011